Submitted on record and brief June 1, reversed and remanded in part; otherwise affirmed December 19, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# FORREST D. NEES,
*Respondent.*

B854427; A109765

37 P3d 1022

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals an order suppressing evidence of a urine test result. The trial court concluded that the evidence is inadmissible, because it was obtained in violation of applicable state statutes that incorporate federal standards concerning testing for the presence of certain controlled substances. The state argues that a failure to comply with statutory testing standards does not require suppression. In the alternative, the state argues that the standards do not apply to testing for all of the substances at issue in this case. We conclude that the state is incorrect as to the first contention but correct as to the second.

The parties stipulated to the following facts: Defendant was charged with driving under the influence of intoxicants. The state obtained a urine sample from defendant. Oregon State Police criminalist Julia Hinkley tested the sample and concluded that defendant's urine tested positive for methamphetamine, methadone, nordiazepam, and a marijuana metabolite, 9-carboxy THC. In conducting the tests, Hinkley did not follow all of the guidelines applied by the National Institute of Drug Abuse (NIDA) of the Department of Health and Human Services for the testing of methamphetamine, cocaine, heroin, marijuana, and PCP.

Defendant moved to suppress the test results arguing that, under ORS 813.131(4) (1997), urine testing must conform to NIDA rules and guidelines to be admissible at trial. The trial court agreed and ordered the suppression of the test results.

On appeal, the state first argues that, even assuming that the testing of defendant's urine failed to comply with NIDA guidelines, suppression is not required. According to the state, under ORS 136.432, a court may not exclude "otherwise admissible evidence" that is relevant merely because it was obtained in violation of a statute unless the federal or state constitution requires suppression. In this case, the state argues, the evidence is "otherwise admissible," it is relevant, and neither the federal nor the state constitution requires suppression.

■       In *State v. Chipman*, 176 Or App 284, 296, 31 P3d 478 (2001), we considered and rejected precisely the same argument, holding that evidence obtained in violation of ORS 813.131(4) (1997) is not "otherwise admissible" within the meaning of ORS 136.432. We reject the state's argument without further discussion.

■       The state next argues that, even if ORS 136.432 does not apply, the trial court erred in suppressing all of the tests. According to the state, the NIDA guidelines apply to five substances, only two of which are at issue in this case. Testing for the other two substances, methadone and nordiazepam, is not governed by the NIDA guidelines.

Once again, *Chipman* controls. In that case, we held that the NIDA guidelines apply to testing procedures for only five types of substances—marijuana and its metabolites, cocaine and its metabolites, opiate and its metabolites, phencyclidine, and amphetamines—and that failure to comply with the guidelines in the testing of other substances does not require suppression. 176 Or App at 288-93. In this case, two of the substances for which Hinkley tested were methadone and nordiazepam, neither of which is one of the five types of substances subject to the NIDA guidelines. It follows that the trial court erred in suppressing the test results showing methadone and nordiazepam.

Portion of order excluding test results showing methadone and nordiazepam reversed and remanded; otherwise affirmed.